**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREAT LAKES TRANSPORTATION HOLDING,
LLC,

       Plaintiff,

v.                                             Case No. 09-14854

DTW TAXI, and JAE BLUE,

       Defendants.
                                    /

**ORDER GRANTING IN PART PLAINTIFF'S "MOTION FOR AN ORDER HOLDING DEFENDANTS IN CONTEMPT OF COURT," ORDERING DEFENDANTS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT, AND SETTING HEARING FOR MAY 13, 2010**

Pending before the court is Plaintiff Great Lakes Transportation Holding, LLC's "Motion for an Order Holding Defendants in Contempt of Court," filed on April 1, 2010. Defendants DTW Taxi and Jae Blue have not filed a response. For the reasons stated below, the court will grant in part Plaintiff's motion and order Defendants to show cause why they should not be held in contempt.

**I. BACKGROUND**

Plaintiff uses the "METRO CARS" servicemark in connection with its business of providing transportation services. (Compl. ¶¶ 6, 7.) Defendant Jae Blue is the registered agent, director, and CEO of Defendant DTW Taxi, which is also in the business of providing transportation services. (*Id.* ¶¶ 3, 13.) The present dispute arose based on Defendants' use of the names "Detroit Metro Car" and "Metro Car Detroit" in connection with their business, as well as Defendants' operation of websites with the

domain names "www.metrocars.us," "www.metrocarsdetroit.org," and "www.detroitmetrocars.net." (*Id.* ¶ 15.)

Plaintiff filed a complaint on December 14, 2009, alleging the following counts: (1) false designation of origin under 15 U.S.C. § 1125(a); (2) trademark dilution under 15 U.S.C. § 1125(c); (3) trademark infringement under 15 U.S.C. § 1114; (4) common law unfair competition; (5) unjust enrichment; and (6) material misrepresentation. After Plaintiff filed a motion for preliminary injunction, the parties stipulated to the entry of a Permanent Injunction, which the court entered on January 22, 2010.

Pursuant to the Permanent Injunction, Defendants were enjoined from, among other things, (1) using the servicemark "METRO CARS" or a colorable imitation thereof; (2) operating websites with domain names containing the words "Metro" and "Cars;" and (3) using the designation "METRO CARS" as a meta tag or html code for Defendants' websites. (1/22/10 Permanent Injunction ¶¶ 1-3.) Defendants were further required to make arrangements so that callers to their phone number, 1-877-389-7332, were instructed that they had reached DTW Taxi and that if they were trying to reach Metro Cars, then they should call 1-800-456-1701. (*Id.* ¶ 7.) Defendants were also required to file with the court a written report setting forth the manner and form of their compliance with the Permanent Injunction. (*Id.* at 3.)

On April 1, 2010, Plaintiff filed the present motion seeking an order holding Defendants in contempt of court. Specifically, Plaintiff requests an order requiring Defendants to: (1) fully comply with the Permanent Injunction; (2) cease operating the website "www.metrocars.info;" (3) cease doing business as "Metro Cars of Tampa;" (4) cease using "Metro Cars" as a meta tag or html code for Defendants' website; (5) make

2

the telephone recording that was required by the Permanent Injunction; (6) pay a monetary sum representing Plaintiff's costs and attorney's fees incurred in enforcing the Permanent Injunction; and (7) file with the court within ten days a report setting forth the manner and form of their compliance. (Pl.'s Mot. at 1-2.)

## II.  STANDARD

The district court is afforded sound discretion in deciding a contempt petition. *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW  v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).  There is no doubt that the due process safeguards customarily applied in civil litigation apply to civil contempt proceedings.  The party charged with contempt is entitled to proper notice, an impartial hearing, and an opportunity to present a defense.  *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 589 (6th Cir. 1987).  Generally, civil contempt proceedings are summary in nature and "[t]he full panoply of evidentiary and procedural safeguards of criminal proceedings or trial need not be employed."  *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (W.D. Mich. 1993).

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court."  *Gary's Elec. Serv. Co.*, 340 F.3d at 378.  Although the power to hold a party in contempt should not be invoked lightly, the Supreme Court has explained that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.  Without it [the courts] are mere boards of arbitration, whose judgements and decrees would be only advisory."  *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

To hold a litigant in contempt, the movant must provide clear and convincing evidence that shows that the charged party violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Cincinnati Bronze*, 829 F.2d at 591). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by showing that he is *presently* unable to comply with the court's order." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)) (emphasis in original).

### III. DISCUSSION

Plaintiff alleges five instances where Defendants have not complied with the Permanent Injunction. (Pl.'s Mot. Br. at 4-5.) First, Plaintiff states that Defendants have not served Plaintiff or filed on the docket a written statement demonstrating their compliance with the Permanent Injunction. (*Id.* at 4.) A review of the docket confirms that Defendants have not filed this statement, which was required by the Permanent Injunction. (1/22/10 Permanent Injunction at 3.)

Second, Plaintiff alleges that Defendants have not made the telephone recording that was required by the Permanent Injunction, i.e., to instruct callers to 1-877-389-7332 that if they were trying to reach Metro Cars, then they should call 1-800-456-1701. (*Id.* ¶ 7; Pl.'s Mot. Br. at 4.) In support, Plaintiff has attached an affidavit from its counsel, Jill Wheaton, attesting to the complete recording she heard when she dialed 1-877-389-7332 on March 31, 2010. (Pl.'s Mot., Ex. B ¶ 2.) In the recording, there is no mention of Metro Cars or Metro Cars' telephone number. (*Id.*)

4

Third, Plaintiff contends that Defendants continue to use "Metro Cars" as html codes and search tags for their website. As evidence, Plaintiff has attached the results of a Google search for "Metro Cars" that Ms. Wheaton performed on March 31, 2010. (*Id.*, Ex. B ¶ 3, Ex. 1.) Defendants' website, "www.dtwtaxi.com," is listed on the first page of results with the term "metro cars" underneath the link. (*Id.*) This constitutes evidence that Defendants have not ceased "using the designation METRO CARS or any variations thereof within meta tags for, or as html codes for, Defendants' websites." (1/22/10 Permanent Injunction ¶ 3.)

Fourth, Plaintiff alleges that Defendant Jae Blue is operating a transportation service in Florida under the name "Metro Car Tampa" and "Metro Cars Tampa." (Pl.'s Mot. Br. at 5.) In support, Plaintiff has attached a printout of a website registered to Jae Blue that advertises transportation services under the name "Metro Car Tampa." (Pl.'s Mot., Exs. D, E.) A customer testimonial on the webpage states, "Jae was our driver and he was super nice and patient." (*Id.*, Ex. D.) Operating a business under these names would violate the Permanent Injunction, which restrained Defendants from using Plaintiff's Servicemark "METRO CARS" or colorable imitations thereof including "any other name using the words 'Metro Car' and 'Metro Cars.'" (1/22/10 Permanent Injunction ¶ 1.)

Fifth, Plaintiff alleges that Defendant Jae Blue is operating the website "www.metrocars.info" in violation of the Permanent Injunction. (Pl.'s Mot. Br. at 5.) As evidence, Plaintiff has attached a printout of this webpage as well as a registration record stating that Jae Blue is the registrant for the "metrocars.info" domain name. (Pl.'s Mot., Exs. D, E.) Operating this website constitutes a violation of the Permanent

Injunction, which restrained Defendants from operating websites using a domain name "that contains the url words 'Metro' and "Cars.'" (1/22/10 Permanent Injunction ¶ 2.)

It cannot be disputed that Defendants had knowledge of the Permanent Injunction—Defendant Jae Blue signed it (Pl.'s Mot., Ex. A); Plaintiff emailed it to Defendants on January 26, 2010 (*id.*, Ex. C); and Plaintiff sent a letter via first class mail and email to Defendants regarding their noncompliance with the Permanent Injunction on February 24, 2010 (*id.*). As Plaintiff has made out a prima facie case by clear and convincing evidence that Defendants have disregarded the Permanent Injunction, the court will order Defendants to show cause why they should not be held in contempt for failure to abide by a lawful order of this court. A hearing on this matter will be held on **May 13, 2010 at 9:30 a.m.**

### III. CONCLUSION

For the reasons above, IT IS ORDERED that Plaintiff's "Motion for an Order Holding Defendants in Contempt of Court" [Dkt. # 22] is GRANTED IN PART. It is granted to the extent that Defendants DTW Taxi and Jae Blue are ORDERED to fully comply with the terms of the January 22, 2010 Permanent Injunction.

Defendants DTW Taxi and Jae Blue are FURTHER ORDERED TO SHOW CAUSE, at the hearing scheduled below, why they should not be held in contempt of court and sanctioned for failing to abide by the Permanent Injunction.

IT IS FURTHER ORDERED that a contempt hearing will be held on **May 13, 2010 at 9:30 a.m.** Defendant Jae Blue is required to personally appear for this hearing.

Plaintiff's Counsel, Jill M. Wheaton, is DIRECTED to supplement the court's own notice by sending a copy of this order to all of Defendants' known mailing addresses and electronic mail addresses.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 23, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2010, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522